IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REINALDO DEJESUS, JR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **THE GOVERNMENT OF THE UNITED STATES OF AMERICA, et al.** | : | **NO. 15-5493** |

<u>MEMORANDUM</u>

SÁNCHEZ, J.                                                    OCTOBER 19th, 2015

Plaintiff Reinaldo Dejesus, Jr. brings this civil action against numerous governmental defendants based on claims that they ignored his constitutional rights by failing to take action after he was assaulted on two occasions. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint as legally baseless, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### I.    FACTS[1]

Plaintiff alleges that he was assaulted in Philadelphia in July of 2015. He called the Police Department and the Mayor's office, but claims his "Constitutional rights and life were ignored." In August of 2015, plaintiff filed a federal lawsuit against the City of Philadelphia, which was assigned to the Honorable J. Curtis Joyner. *See DeJesus v. City of Phila.*, E.D. Pa. Civ. A. No. 15-4318. Plaintiff claimed that he had been bullied by others and sought the initiation of criminal proceedings against those who bullied him. Judge Joyner granted plaintiff leave to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff claims that the judge "ignored" his "constitutional rights" and "life."

---

[1] The following facts are taken from the complaint and the docket for a prior civil action that plaintiff filed, which is referenced in the complaint.

Plaintiff sent letters to numerous officials in local, state, and federal government, and to various government offices, describing the alleged violations of his rights (presumably in connection with the assault and the dismissal of his lawsuit). He repeats that his "rights and life" were again "ignored." Plaintiff was assaulted for a second time in September of 2015. He alleges that he "emailed and mailed a letter to the White House" and "called Senator Patrick J. Toomey" but his "constitutional rights and life were ignored."

Based on those allegations, plaintiff initiated this civil rights action against the following eighteen defendants: (1) the Government of the United States of America; (2) Office of the Mayor; (3) Office of the Clerk; (4) Judge Joyner; (5) City Council; (6) District Attorney Main Office; (7) Congressman Chaka Fattah; (8) Parks and Recreation; (9) Office of the Sheriff; (10) Representative Brian K. Sims; (11) Governor's Correspondence Office; (12) Pennsylvania Office of Attorney General; (13) Senator Toomey; (14) United States Senate Committee on the Judiciary; (15) United States Senate Committee on Homeland Security & Governmental Affairs; (16) U.S. House of Representatives; (17) Speaker of the House; and (18) the White House. He alleges that the federal government "**criminally** neglected" his constitutional rights and implies that the President and other officials should be impeached. The remaining defendants allegedly "caus[ed] **criminal** injuries to [plaintiff's] reputation, safety, general welfare, freedom, liberty, justice and well being otherwise noted as [his] Constitutional rights." He invokes the constitution and various other provisions of law as the basis for his claims, and seeks $1.6 billion in damages.

## II.  STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires

the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

The Court cannot discern any legal basis for plaintiff's claims, which are based on the defendants' failures to respond to plaintiff's letters, emails, calls, and/or notices informing them of two occasions on which he was assaulted and (possibly) the dismissal of his lawsuit. While the lack of response may be frustrating for plaintiff, it simply does not give rise to a cognizable constitutional claim—or any other claim—against the defendants. The constitution does not entitle him to an investigation or prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("'[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989))). Furthermore, Judge Joyner is entitled to absolute judicial immunity from claims based on acts he took in his judicial capacity, including the dismissal of plaintiff's lawsuit. *See Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam). Accordingly, the Court will dismiss the

complaint for lack of legal merit. Plaintiff will not be given leave to amend because amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint with prejudice. An appropriate order follows, which shall be docketed separately.